UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL WELLS,<br><br>                            Plaintiff,<br><br>v.<br><br>SANOFI S.A.; AVENTIS PHARMA S.A.; SANOFI US SERVICES INC. f/k/a SANOFI-AVENTIS U.S. INC.; SANOFI-AVENTIS U.S. LLC; HOSPIRA WORLDWIDE, LLC f/k/a HOSPIRA WORLDWIDE, INC.; HOSPIRA, INC.; PFIZER, INC.,<br><br>                            Defendants. | Case No.: 23-CV-2134 JLS (BLM)<br><br>**ORDER: (1) STAYING CASE; (2) VACATING DEADLINES; AND (3) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>(ECF Nos. 19, 24) |

     Presently before the Court is Plaintiff Rachael Wells' Motion for Leave to Amend Complaint ("Mot.," ECF No. 19) and the Parties' Notice of Settlement and Request to Stay Proceedings ("Not.," ECF No. 24). The Parties indicate that they have "reached an agreement in principle for the complete resolution of this matter." Not. at 1. As they finalize a master settlement agreement resolving this case and other cases in multi-district litigation, the Parties "respectfully request that this Court vacate all pending deadlines and stay this matter for six months." *Id.*

///

A district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). District courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Granting a stay "is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

The Ninth Circuit described the factors that a district court must consider when determining whether to grant a stay in *CMAX, Inc. v. Hall*:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

300 F.2d 265, 268 (9th Cir. 1962).

The *CMAX* factors counsel in favor of a stay in this case. As both Parties seek to stay this proceeding, the possible damage that could result from a stay is minimal. Requiring the Parties to incur further litigation costs in a case that is likely to settle imposes unnecessary hardship. Finally, enabling the Parties to finalize their settlement will obviate the need for the Parties and the Court to litigate further, thus simplifying issues, proof, and questions of law. The Court is thus persuaded that a stay is appropriate.

That said, the Court is mindful that "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864. Here, the Parties have not explained why they require six months to finalize their Master Settlement Agreement. In the interest of efficiency, therefore, the Court **GRANTS IN PART** the

Parties' Notice, **VACATES** all pending deadlines, and **STAYS** this action for ninety (90) days. The Parties **SHALL FILE** a joint status report at or before the expiration of the Court's stay to apprise the Court of the status of the settlement and of this action.

Finally, given the Parties' intention to settle this case, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Leave to Amend Complaint.

IT IS SO ORDERED.

Dated: March 20, 2024

Hon. Janis L. Sammartino
United States District Judge