UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL WELLS,<br><br>        Plaintiff,<br><br>v.<br><br>SANOFI S.A.; AVENTIS PHARMA S.A.; SANOFI US SERVICES INC. f/k/a SANOFI-AVENTIS U.S. INC.; SANOFI-AVENTIS U.S. LLC; HOSPIRA WORLDWIDE, LLC f/k/a HOSPIRA WORLDWIDE, INC.; HOSPIRA, INC.; PFIZER, INC.,<br><br>        Defendants. | Case No.: 23-CV-2134 JLS (BLM)<br><br>**ORDER CONTINUING STAY** |

Presently before the Court is the Parties' Joint Status Report ("JSR," ECF No. 27). At the Parties' request, the Court previously stayed this case for ninety days to allow the Parties to pursue a master settlement resolving this and other cases spun out from the multi-district litigation that spawned this case. ECF No. 25 (the "Order"). Ninety days have passed, and the Parties indicate they "have finalized and signed a Memorandum of Understanding and are cooperatively working out the remaining paperwork and settlement administration process." JSR at 2. The Parties thus "anticipate a dismissal will be filed within [ninety] days." *Id.*

A district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). District courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Granting a stay "is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

The Ninth Circuit described the factors that a district court must consider when determining whether to grant a stay in *CMAX, Inc. v. Hall*:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

300 F.2d 265, 268 (9th Cir. 1962).

The *CMAX* factors weigh in favor of continuing the stay in this case. As both Parties seek to stay this proceeding, the possible damage that could result from a stay is minimal. Requiring the Parties to incur further litigation costs in a case that is likely to settle imposes unnecessary hardship. Finally, enabling the Parties to finalize their settlement will obviate the need for the Parties to litigate further, thus simplifying issues, proof, and questions of law. Given that the Parties have made progress toward a settlement, the Court is persuaded that an extension to its prior stay is appropriate.

The Court thus **STAYS** this case for <u>ninety (90) days</u> from the date of this Order. If the Parties do not file for dismissal within this period, the Parties **SHALL FILE** a joint

///

///

status report at or before the expiration of the Court's stay to apprise the Court of the status of the settlement and of this action.

**IT IS SO ORDERED.**

Dated: June 20, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge